NO. 07-01-0007-CR

NO. 07-01-0008-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2001

_____


LEWIS DENNIS RICHARDSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,170-A; 40,171-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In appellate cause No. 07-01-0007-CR appellant Lewis Dennis Richardson appeals from his adjudication of guilt for aggravated assault on a public servant, the revocation of his community supervision, and sentence of incarceration for 30 years. In appellate cause No. 07-01-0008-CR appellant appeals from his adjudication of guilt for aggravated assault with a deadly weapon, the revocation of his community supervision, and sentence of incarceration for 15 years. We dismiss for lack of jurisdiction.

On August 16, 1999, appellant pled guilty in cause No. 40,170-A in the 47th District Court of Potter County ("the trial court") to the charge of aggravated assault on a public servant. Honoring a plea bargain between the State and appellant, the trial court deferred adjudicating appellant guilty and placed him on community supervision for ten years.

On August 16, 1999, appellant also pled guilty in cause No. 40,171-A in the trial court to the charge of aggravated assault with a deadly weapon. Again honoring a plea bargain between the State and appellant, the trial court deferred adjudicating appellant guilty and placed him on community supervision for ten years.

On March, 2, 2000, the State filed a Motion to Proceed With Adjudication of Guilt on Original Charge in each of the causes. On March 8, 2000, an alias capias was issued in each cause for the arrest of appellant on the respective motions to adjudicate. Each alias capias was executed and appellant was arrested on July 10, 2000.

The State's motions to adjudicate were heard together on December 7, 2000. The trial court adjudicated appellant guilty as to each charge. Appellant was sentenced to incarceration in the Texas Department of Criminal Justice-Institutional Division for 30 years in cause No. 40,170-A and for 15 years in cause No. 40,171-A. On December 29, 2000, appellant filed a general notice of appeal in each cause. On July 17, 2001, appellant filed an Amended Notice of Appeal in each cause. In each amended notice he states that the appeal is for jurisdictional defect "as a result of the failure to issue capias or warrant for

arrest, as required." He jointly briefed and jointly presents his appeals from the convictions and sentences. The issues presented address each cause in the same manner.

Appellant asserts that the trial court lacked both jurisdiction and authority to proceed on the State's motions to adjudicate and to revoke his community supervision because proper issuance and service of an alias capias or warrant for his arrest was not effected as to each motion. The State's response is threefold: (1) the record does not factually support appellant's contentions; (2) jurisdiction of the appellate court has not been invoked, and the appeals should be dismissed for lack of jurisdiction; and (3) the trial court had jurisdiction to hear all the State's motions regardless of the issuance of capias or arrest warrant as to the particular motion in question.

There is no constitutional right to appellate review of criminal convictions. Perez v. State, 938 S.W.2d 761, 762 (Tex.App.--Austin 1997, pet. ref'd). The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. Galitz v. State, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981). In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[1] A defective attempt to perfect appeal from a conviction fails to invoke the jurisdiction of the appellate court. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). The appellate court then has no jurisdiction over the appeal and must dismiss the matter. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

---

[1]Further references to the Texas Rules of Appellate Procedure will be by reference to "TRAP_."

3

The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). The notice of appeal must be in writing and must contain the necessary jurisdictional allegations. See TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). An untimely notice of appeal or a notice of appeal which does not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See id. at 411, 413-14. If an appeal is not timely perfected, a court of appeals can take no action other than to dismiss the appeal. See Slaton, 981 S.W.2d at 210. TRAP 25.2(d) does not permit an appellate court to grant a motion to amend the notice of appeal outside the time limits to perfect appeal if the amendments sought to be made to the notice of appeal are jurisdictional amendments. See Riewe, 13 S.W.3d at 413-14. For, once jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction. Id. at 413.

The requirements of TRAP 25.2(b)(3) apply to a defendant who plea bargains for deferred adjudication. See Vidaurri v. State, 49 S.W.3d 880, 883 (Tex.Crim.App. 2001) (application of TRAP 25.2(b)(3) is triggered by nature of original plea bargain process, not whether defendant pled true or not true to allegations of motion to revoke probation); Brown v. State, 943 S.W.2d 35, 41 (Tex.Crim.App. 1997) (construing former TRAP 40(b)(1)). In the absence of some express agreement between the prosecutor and the defendant limiting the punishment to be assessed in the event of a subsequent adjudication of defendant, when the prosecutor recommends deferred adjudication in

4

exchange for a defendant's plea of guilty or *nolo contendere* and deferred adjudication is granted, then the trial judge does not exceed the recommendation if, upon proceeding to an adjudication of guilt, the judge later assesses any punishment within the range allowed by law. Watson v. State, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996); see Ditto v. State, 988 S.W.2d 236, 239-40 (Tex.Crim.App. 1999).

In the matters before us, appellant's original general notices of appeal did not serve to invoke our jurisdiction. See Vidaurri, 49 S.W.3d at 883 and Riewe, 13 S.W.3d at 413-14. The amended notices were not timely to invoke our jurisdiction, and we may not allow amendment of the notices of appeal if the amendments sought to be made are jurisdictional amendments and are outside the time for perfecting of appeal. See Riewe, 13 S.W.3d at 413-14. Because our jurisdiction has not been invoked, we must dismiss the appeals for lack of jurisdiction. See Slaton, 981 S.W.2d at 210.

Accordingly, we dismiss the appeals for lack of jurisdiction.


Phil Johnson
Justice


Do not publish.

5