NO. 07-01-0007-CR


NO. 07-01-0008-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL A



DECEMBER 18, 2001



______________________________




LEWIS DENNIS RICHARDSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,170-A; 40,171-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In appellate cause No. 07-01-0007-CR appellant Lewis Dennis Richardson appeals
from his adjudication of guilt for aggravated assault on a public servant, the revocation of
his community supervision, and sentence of incarceration for 30 years. In appellate cause
No. 07-01-0008-CR appellant appeals from his adjudication of guilt for aggravated assault
with a deadly weapon, the revocation of his community supervision, and sentence of
incarceration for 15 years. We dismiss for lack of jurisdiction.


 On August 16, 1999, appellant pled guilty in cause No. 40,170-A in the 47th District
Court of Potter County ("the trial court") to the charge of aggravated assault on a public
servant. Honoring a plea bargain between the State and appellant, the trial court deferred
adjudicating appellant guilty and placed him on community supervision for ten years. 

 On August 16, 1999, appellant also pled guilty in cause No. 40,171-A in the trial
court to the charge of aggravated assault with a deadly weapon. Again honoring a plea
bargain between the State and appellant, the trial court deferred adjudicating appellant
guilty and placed him on community supervision for ten years. 

 On March, 2, 2000, the State filed a Motion to Proceed With Adjudication of Guilt
on Original Charge in each of the causes. On March 8, 2000, an alias capias was issued
in each cause for the arrest of appellant on the respective motions to adjudicate. Each
alias capias was executed and appellant was arrested on July 10, 2000. 

 The State's motions to adjudicate were heard together on December 7, 2000. The
trial court adjudicated appellant guilty as to each charge. Appellant was sentenced to
incarceration in the Texas Department of Criminal Justice-Institutional Division for 30 years
in cause No. 40,170-A and for 15 years in cause No. 40,171-A. On December 29, 2000,
appellant filed a general notice of appeal in each cause. On July 17, 2001, appellant filed
an Amended Notice of Appeal in each cause. In each amended notice he states that the
appeal is for jurisdictional defect "as a result of the failure to issue capias or warrant for
arrest, as required." He jointly briefed and jointly presents his appeals from the convictions
and sentences. The issues presented address each cause in the same manner. 

 Appellant asserts that the trial court lacked both jurisdiction and authority to proceed
on the State's motions to adjudicate and to revoke his community supervision because
proper issuance and service of an alias capias or warrant for his arrest was not effected
as to each motion. The State's response is threefold: (1) the record does not factually
support appellant's contentions; (2) jurisdiction of the appellate court has not been
invoked, and the appeals should be dismissed for lack of jurisdiction; and (3) the trial court
had jurisdiction to hear all the State's motions regardless of the issuance of capias or
arrest warrant as to the particular motion in question. 

 There is no constitutional right to appellate review of criminal convictions. Perez
v. State, 938 S.W.2d 761, 762 (Tex.App.--Austin 1997, pet. ref'd). The right to appeal is
conferred by the legislature, and a party may appeal only that which the legislature has
authorized. Galitz v. State, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981). In a criminal
case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.2(a). (1) A
defective attempt to perfect appeal from a conviction fails to invoke the jurisdiction of the
appellate court. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). The
appellate court then has no jurisdiction over the appeal and must dismiss the matter. See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 

 The notice of appeal must be filed within 30 days after the day sentence is imposed
or after the day the trial court enters an appealable order, unless a timely motion for new
trial is filed. TRAP 26.2(a). The notice of appeal must be in writing and must contain the
necessary jurisdictional allegations. See TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408,
410 (Tex.Crim.App. 2000). An untimely notice of appeal or a notice of appeal which does
not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke
the jurisdiction of the court of appeals. See id. at 411, 413-14. If an appeal is not timely
perfected, a court of appeals can take no action other than to dismiss the appeal. See
Slaton, 981 S.W.2d at 210. TRAP 25.2(d) does not permit an appellate court to grant a
motion to amend the notice of appeal outside the time limits to perfect appeal if the
amendments sought to be made to the notice of appeal are jurisdictional amendments. 
See Riewe, 13 S.W.3d at 413-14. For, once jurisdiction is lost, an appellate court lacks
the power to invoke any rule to thereafter obtain jurisdiction. Id. at 413.

 The requirements of TRAP 25.2(b)(3) apply to a defendant who plea bargains for
deferred adjudication. See Vidaurri v. State, 49 S.W.3d 880, 883 (Tex.Crim.App. 2001)
(application of TRAP 25.2(b)(3) is triggered by nature of original plea bargain process, not
whether defendant pled true or not true to allegations of motion to revoke probation);
Brown v. State, 943 S.W.2d 35, 41 (Tex.Crim.App. 1997) (construing former TRAP
40(b)(1)). In the absence of some express agreement between the prosecutor and the
defendant limiting the punishment to be assessed in the event of a subsequent
adjudication of defendant, when the prosecutor recommends deferred adjudication in
exchange for a defendant's plea of guilty or nolo contendere and deferred adjudication is
granted, then the trial judge does not exceed the recommendation if, upon proceeding to
an adjudication of guilt, the judge later assesses any punishment within the range allowed
by law. Watson v. State, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996); see Ditto v. State,
988 S.W.2d 236, 239-40 (Tex.Crim.App. 1999). 

 In the matters before us, appellant's original general notices of appeal did not serve
to invoke our jurisdiction. See Vidaurri, 49 S.W.3d at 883 and Riewe, 13 S.W.3d at
413-14. The amended notices were not timely to invoke our jurisdiction, and we may not
allow amendment of the notices of appeal if the amendments sought to be made are
jurisdictional amendments and are outside the time for perfecting of appeal. See Riewe,
13 S.W.3d at 413-14. Because our jurisdiction has not been invoked, we must dismiss the
appeals for lack of jurisdiction. See Slaton, 981 S.W.2d at 210.

 Accordingly, we dismiss the appeals for lack of jurisdiction.

 



 Phil Johnson

 Justice



Do not publish. 

 
1. Further references to the Texas Rules of Appellate Procedure will be by reference
to "TRAP_."



160;       Accordingly, we abate the appeal and remand the cause to the 395th District Court
of Williamson County, Texas. We direct the judge of the trial court to execute findings of
fact and conclusions of law. Because the appeal is accelerated, we also direct the judge
to file the findings and conclusions with the trial court clerk on or before April 8, 2009, and
further direct the trial court clerk to prepare and file a supplemental clerk’s record,
containing the findings and conclusions, with the clerk of this Court immediately on their
filing with the trial court clerk. On the filing with this Court of the supplemental clerk’s
record containing the findings and conclusions, the appeal will be reinstated.
          It is so ordered.
                                                                           Per Curiam