Rodrigo PEREZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 03–96–00121–CR, 03–96–00122–CR.

Court of Appeals of Texas,
Austin.

Jan. 30, 1997.

Rehearing Overruled Feb. 27, 1997.

Terrence W. Kirk, Law Office of Joseph A. Turner, Austin, for appellant.

Ronald Earle, District Attorney, Matthew B. Devlin, Assistant District Attorney, Austin, for state.

Before ABOUSSIE, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

These are purported appeals from identical orders granting "shock probation." Tex. Code Crim.Proc.Ann. art. 42.12, § 6(a) (West 1997).[1] Without challenging his convictions,

1. Article 42.12, section 6(a) provides:
For the purposes of this section, the jurisdiction of a court in which a sentence requiring

imprisonment in the institutional division of the Texas Department of Criminal Justice is imposed by the judge of the court shall continue for 180 days from the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the

appellant Rodrigo Perez specifically challenges a condition of his probation. We will dismiss the appeals for want of jurisdiction.[2]

## I.

Appellant pleaded guilty to attempted aggravated sexual assault of a child on August 2, 1995.[3] On September 15, 1995, the trial court assessed punishment at ten years' confinement in the Texas Department of Criminal Justice—Institutional Division. On February 12, 1996, following execution of sentence, the court suspended further imposition and placed appellant on a ten-year term of community supervision. Appellant gave notice of appeal on February 23, 1996. This appeal concerns the condition of supervision mandating that appellant

[r]eport to the appropriate law enforcement authority and complete all paperwork for sex offender registration within seven (7) days of the date of community supervision. Report any changes of address within seven (7) days to the law enforcement authority with whom [he] last registered.

See Tex.Rev.Civ.Stat.Ann. art. 6252–13c.1, § 2 (West Supp.1997). Appellant asks that we "modify or reverse the judgment of the trial court" and order the district court to delete the registration requirement from appellant's conditions of probation. Further, appellant asks this Court to order that any information provided by appellant under the sex offender registration act be kept confidential. Perez urges that the 1995 amendments to article 6252–13c.1 do not apply to him because (1) he pleaded guilty before their effective date and (2) retroactive application of the amended registration law would be unconstitutional. The State responds that this Court does not have jurisdiction to consider these points of error.

## II.

■ We initially consider the procedural question of whether an appeal lies from an order granting shock probation. There is no constitutional right to appellate review of criminal convictions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App.1993); *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim.App.1992).

While the right to appeal from an order granting shock probation is a question of first impression, we find instructive two Court of Criminal Appeals opinions discussing the right to appeal from analogous orders. In *Basaldua v. State*, 558 S.W.2d 2 (Tex.Crim.App.1977), the defendant sought to appeal from a trial court order refusing to modify the conditions of his probation. The Court of Criminal Appeals, after a thorough discussion, held that there was no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify probationary conditions. *Id.* at 5. In *Houlihan v. State*, 579 S.W.2d 213 (Tex.Crim.App.1979), the defendant sought to appeal from a trial court order overruling a motion to place him on shock probation. The Court of Criminal Appeals again held that it was without appellate jurisdiction because neither article 42.12 nor any other statute authorized a direct appeal from such an order. *Id.* at 215–16.

We believe that the reasoning set forth in *Basaldua* and *Houlihan* applies with equal force to the instant appeal. Just as there is no statutory authority for an appeal from an order *refusing* shock probation, neither is there authority for an appeal from an order *granting* shock probation. Accordingly, we conclude that this Court lacks authority to entertain a direct appeal from the district

court that imposed such sentence may ... suspend further execution of the sentence and place the defendant on community supervision....

**2.** Because appellant's assertions on appeal are identical, and because we have considered and shall dispose of cause numbers 03–96–00121 and

03–96–00122 together, we will refer to them in the singular for the sake of convenience.

**3.** *See* Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex.Gen. Laws 2275 amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex.Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended).

court's order placing appellant on shock probation.

Alternatively, if we consider this appeal as being from the judgment of conviction, it was not timely perfected. Appellant argues that because he was not informed of the terms and conditions of his community supervision until February 12, 1996, the time to perfect did not begin to run until that date. *Arguijo v. State,* 738 S.W.2d 367, 369 (Tex.App.— Corpus Christi 1987, no pet.). Unlike *Arguijo,* however, the conditions of supervision were not a necessary part of the judgment in this cause. Acting under article 42.12, section 6(a), the trial court imposed appellant's sentence of incarceration on September 15, 1995. Section 6(a) requires that a court impose a sentence before it can consider a motion to suspend further execution of the sentence. Because appellant's sentence was imposed on September 15, 1995, his time to perfect an appeal ran from that date. Tex. R.App.P. 41(b)(1).

### III.

Even if appellant's appeal were properly before us, his points of error would be without merit. By his first point of error, appellant urges that the 1995 amendments to the sexual offender registration law do not apply to him because he was convicted before the effective date of the amendments. By his second point, appellant contends that application of the 1995 amendments to him would violate the constitutional prohibition against ex post facto laws. U.S. Const. art. I, § 10. It is important to note that appellant does

not challenge the registration requirement of the law itself,[4] nor does he contend that registration is an impermissible condition of supervision.[5] Instead, appellant seeks to be governed by the terms of the program as it existed before the 1995 amendments became effective. Specifically, appellant objects to being included in the central database as mandated by the 1995 amendments and to being required to register for the extended term called for by the 1995 amendments. Tex.Rev.Civ.Stat.Ann. art. 6252–13c.1, §§ 5 and 9 (West Supp.1997).[6]

█ In his first point of error, appellant asserts that a plea of guilty is the equivalent of a conviction, and hence, he was convicted on August 2, 1995, approximately a month before the effective date of the amendment. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 3(a) (following a plea of guilty a judge may suspend imposition of the sentence and place defendant on community supervision); *McWherter v. State,* 571 S.W.2d 312, 313 n. 2 (Tex.Crim.App.1978) (defendant who pleads guilty without a jury has no absolute right to withdraw his plea). While the propositions stated in appellant's references are correct, we do not agree that a plea of guilty, without more, constitutes a conviction.

In *McNew v. State,* 608 S.W.2d 166 (Tex. Crim.App.1978), the Court considered whether an order deferring adjudication resulted in a conviction for purposes of article 4, section 11A of the Texas Constitution.[7] While the term "conviction" is not defined by the Constitution or the Code of Criminal Procedure,

---

4. The sexual offender registration program was enacted in 1991. Act of May 26, 1991, 72d Leg., R.S., ch. 572, § 1, 1991 Tex.Gen. Laws 2029 (Tex.Rev.Civ.Stat.Ann. art. 6252–13c.1, since amended). From its inception, persons convicted of aggravated sexual assault have been subject to the requirements of the program, including the obligation to register.

5. Since 1991, trial courts have been expressly authorized to require registration as a condition of community supervision in cases involving a reportable conviction or adjudication. Act of May 26, 1991, 72d Leg., R.S., ch. 572, § 2, 1991 Tex.Gen. Laws. 2029, 2030–31 (Tex.Code Crim. Proc.Ann. art. 42.12, § 11, since amended). In 1995, registration was made a mandatory condition of supervision. Tex.Code Crim.Proc.Ann. art. 42.12, § 11(e) (West Supp.1997).

6. Article 6252–13c.1 and related statutes were amended in 1995 by Act of May 19, 1995, 74th Leg., R.S., ch. 258, 1995 Tex.Gen. Laws 2197, 2201, and Act of May 29, 1995, 74th Leg., R.S., ch. 676, 1995 Tex.Gen. Laws 3649, 3650.

7. Article 4, section 11A of the Texas Constitution provides:

The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe.

the Court noted that the meaning of the term has been addressed in several different contexts. *See Morgan v. State,* 515 S.W.2d 278, 280 (Tex.Crim.App.1974) (conviction occurs when court has entered judgment and sentenced defendant, where sentences are required); *Woods v. State,* 532 S.W.2d 608 (Tex.Crim.App.1976) (conviction is an adjudication of guilt plus an assessment of punishment); *Barber v. State,* 486 S.W.2d 352, 354 (Tex.Crim.App.1972) (probation revocation is neither a conviction nor an acquittal). The Court concluded that a "conviction," regardless of the context in which it is used, "*always* involves an *adjudication of guilt.*" *McNew,* 608 S.W.2d at 172 (emphasis supplied).

The 1995 amendments to the sexual offender registration program apply only to a reportable conviction or adjudication that occurs on or after September 1, 1995, the effective date of the amendments. Act of May 19, 1995, 74th Leg., R.S. ch. 258, § 16, Tex.Gen. Laws 2197, 2205 and Act of May 29, 1995, 74th Leg., R.S. ch. 676, § 3, 1995 Tex.Gen. Laws 3649, 3650. A reportable conviction or adjudication occurring before September 1, 1995, is governed by prior law. *Id.* In the cause now before us, the court received and substantiated appellant's plea of guilty on August 2, 1995. However, no conviction existed until September 15, 1995, when the court formally announced its finding of guilty, assessed punishment, and pronounced judgment. Because appellant was convicted after the effective date of the 1995 amendments to the sexual offender registration act, his first point of error is without merit.

■ In his second and final point of error, appellant asserts that the 1995 amendments to the sexual offender registration program cannot be applied to him because to do so would violate the ex post facto clause in article 1, section 10 of the United States Constitution. Appellant contends the 1995 amendments are punitive and therefore cannot be retroactively applied to an offense committed before September 1, 1995. *See generally Ex parte Alegria,* 464 S.W.2d 868 (Tex.Crim.App.1971).

In order to challenge the constitutionality of a statute, a defendant must show that the statute is being unconstitutionally applied to him. *Parent v. State,* 621 S.W.2d 796 (Tex. Crim.App.1981). There is no evidence in the record that appellant's name has been placed in the central database program. Further, appellant concedes that the district court was authorized to require him to register as a condition of supervision. Whether appellant will be obligated to register after he completes the period of supervision is a question that is not ripe for decision. This Court is not authorized to render advisory opinions. *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 646 (1933); *In re R.L.H.,* 771 S.W.2d 697, 700 (Tex.App.—Austin 1989, writ denied); Tex. Const. Ann. art. V, §§ 6 and 8. Accordingly, appellant's second point of error is also without merit.

For the reasons stated in part II of this opinion, these appeals are dismissed for want of jurisdiction.