TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00191-CR






James Milligan, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 99-0319, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant James Milligan appeals his conviction for the offense of failure to register
as a sex offender. See Tex. Code Crim. Proc. Ann. art. 62.10 (West Supp. 2000). We will
affirm. 


BACKGROUND


 On July 21, 1995, appellant was convicted of indecency with a child, a "reportable
conviction" creating a duty to register with local law enforcement as a sex offender under the sex
offender registration program. See id. arts. 62.01(5)(A), .02 (West Supp. 2000). 

 While on parole, appellant registered his residence with the Austin Police
Department ("APD") as an address on Tahoe Drive. On December 12, 1998, appellant received
notice of eviction. Evidence at trial revealed that appellant left the Tahoe Drive address on or
before December 31, 1998. Appellant informed his parole officer of the eviction but failed to
notify APD. 

 On January 8, 1999, appellant's parole officer informed Texas Department of
Public Safety special crimes investigator Carlton Scott that appellant had moved and subsequently
failed to re-register with APD. Scott went to the Tahoe Drive address, confirmed that appellant
had been evicted, and learned from neighbors that appellant had been gone for approximately two
weeks. Scott also checked with APD to verify that appellant had not registered a new address. 
On January 13, 1999, appellant was arrested for failing to re-register. Appellant admitted he had
not updated his registration and told Scott that his current residence was on Blue Crest. 

 Appellant was indicted on February 4, 1999 for the offense of failure to register
as a sex offender. The indictment, in relevant part, reads as follows:


James Milligan, on or about the 12th day of January A.D. 1999, and before the
presentment of this indictment, in the County of Travis, and State of Texas, did
then and there intentionally and knowingly fail to register as a sex offender with
the Austin Police Department to wit: defendant was convicted of Indecency with
a Child on July 21, 1995, in Cause no. 219-80375-95 in the 219th District Court
of Collin County, Texas, and Defendant changed his residence within the
municipality of Austin, Texas, but failed to provide written notice to the Austin
Police Department of that change within seven days of said change of address . .
. .



Appellant waived his right to a jury and was convicted and sentenced to ten months in the state
jail. 


DISCUSSION


 Appellant brings three points of error asserting two basic arguments. Appellant
argues that (1) there is legally insufficient evidence to support his conviction based on the
indictment and, (2) because an element of the offense occurred before the offense became a
felony, appellant's conviction under the statute in effect at the time of his arrest was error.


Felony Conviction

 In his second and third points of error, appellant argues that the trial court lacked
both jurisdiction and sufficient evidence to convict him of a felony under the law in effect on the
date of his alleged failure to re-register. Appellant argues that because failure to register is a
crime of omission, "the facts creating the duty [to] register, i.e. a reportable conviction, constitute
an essential element of the offense." Appellant then reasons that he is subject to the prior law and
can be prosecuted only for a misdemeanor because his underlying, reportable conviction occurred
on July 21, 1995--before the effective date of the amendment raising the offense of failure to
register to a felony. We disagree with appellant's assertion that the facts creating his duty
constitute an essential element of the offense of failure to register. 

 Article 62.02 of the sex offender registration program places a duty to register on
a "person who has a reportable conviction or adjudication." Tex. Code. Crim. Proc. Ann. art.
62.02. Article 62.01 specifies that a conviction for a violation of Texas Penal Code section 21.11
(indecency with a child) is a reportable conviction. See id. art. 62.01(5)(A). The registration
program applies to reportable convictions occurring on or after September 1, 1970. See id. art.
62.11 (West Supp. 2000). An individual commits an offense under the sex offender registration
program if the person is required to register and fails to comply with any requirement of the
program. See id. art. 62.10. One such requirement mandates that when a person with a duty to
register moves, that person must re-register with the local law enforcement authority not later than
the seventh day after changing addresses. See id. art. 62.04 (West Supp. 2000). The Legislature
amended the sex offender registration program, effective September 1, 1997, elevating the offense
of failure to register from a misdemeanor to a state jail felony. (1) Notes accompanying the
amendments indicate that changes to article 62.10 (failure to comply with registration
requirements) apply only to an offense committed on or after September 1, 1997 and state that an
offense was committed before September 1, 1997 "if any element of the offense occurred before
that date." Id. art. 62.10 historical and statutory notes.

 The Texas Penal Code defines "element of offense" as: "(A) the forbidden conduct;
(B) the required culpability; (C) any required result; and (D) the negation of any exception to the
offense." Tex. Penal Code Ann. § 1.07(22) (West 1994). Appellant characterizes the forbidden
conduct here as conduct by omission, meaning a "failure to act." See id. § 1.07(34) (West 1994). 
A failure to act is not an offense unless a defendant has a statutory duty to act. See Billingslea
v. State, 780 S.W.2d 271, 276 (Tex. Crim. App. 1989); Sabine Consol., Inc. v. State, 816
S.W.2d 784, 787 (Tex. App.--Austin 1991, pet. ref'd). 

 As previously noted, article 62.02 placed appellant under a statutory duty to
register because he had a reportable conviction. See Tex. Code Crim. Proc. Ann. art. 62.02. 
Thus, in order to prove that appellant had a duty to act, the State was required to prove that
appellant had a reportable conviction. The record contains proof of appellant's reportable
conviction on July 21, 1995. Appellant cites no authority for the proposition that the State was
required to prove "the facts creating the duty." In this respect, the present case is similar to State
v. Mason, 980 S.W.2d 635 (Tex. Crim. App. 1998). In Mason, the defendant-appellee argued
that he could not be prosecuted for unlawful possession of a firearm by a felon because the date
of his prior felony conviction was an element of the offense that occurred before the statute's
effective date. (2) See Mason, 980 S.W.2d at 641. The court of criminal appeals rejected Mason's
argument and ruled that he was subject to prosecution under the existing version of the statute,
reasoning that the concept of "element of an offense" does not include every issue to which the
State has the burden of proof. See id. The court went on to state that only Mason's status as a
felon, not the date upon which the prior felony conviction occurred, could be viewed as an
element of the crime. See id. at 640. Likewise, here the State was required to prove appellant's
status as a sex offender, not that the sex offense or the conviction occurred after the registration
statute's effective date. Appellant's attempt to distinguish Mason does not dissuade us that the
reasoning in that case should apply to his complaint. 

 The indictment charged (A) appellant's status as a person with a reportable
conviction, (B) the forbidden conduct of failing to register, and (C) his intentional and knowing
culpability. (3) While appellant's status as a person with a reportable conviction was an element of
the offense the State was required to prove, the facts underlying the sex offense are not elements
of the offense of failure to register. Appellant's status as a convicted sex offender, his change of
residence, and his failure to register his new address within seven days thereafter all occurred
after the statute's effective date. Because no element of the offense occurred before the effective
date of the amendment raising the offense of failure to register to a felony, appellant is subject to
the amended version of the law.

 Appellant's reliance on Perez v. State, 938 S.W.2d 761 (Tex. App.--Austin 1997,
pet. ref'd), does not alter our conclusion. In Perez, this Court stated in dicta that the 1995
amendments applied only to reportable convictions occurring on or after September 1, 1995. See
id. at 764. But Perez was not decided on that basis. Instead, the case was dismissed for want of
jurisdiction, and Perez's argument was rejected because his conviction occurred after the effective
date of the 1995 amendments. In addition, the amendments in Perez affected the nature of Perez's
duty. The amendments here in no way affected appellant's duty. Finally, Perez predates the
court of criminal appeals' decision in Mason. For all of the foregoing reasons, we find Perez
inapposite. We overrule appellant's second and third points of error.


Sufficiency of Evidence 

 In his first point of error, appellant argues that there is legally insufficient evidence
to support his conviction for violation of article 62.04 as it is alleged in the indictment. In
determining the legal sufficiency of the evidence to support a criminal conviction, we view all of
the evidence in the light most favorable to the verdict and ask whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App.
1994). 

 Articles 62.04 and 62.10 make it an offense for a convicted sex offender to move
and fail to register his new address within seven days. See Tex. Code Crim. Proc. Ann. arts.
62.04(a), .10(a). Appellant contends that because January 12, 1999 is the only date alleged in the
indictment, this date must refer to the date appellant changed his address. Based on this reading,
appellant argues that the State was required to prove that appellant failed to register within seven
days after January 12, 1999. Because undisputed evidence establishes that appellant was placed
in custody on January 13, 1999, appellant argues that the State adduced no evidence that appellant
intentionally and knowingly failed to register after January 12, 1999. We disagree with
appellant's reading of the indictment.

 We construe an indictment by reading the document as a whole and taking into
account practical considerations. See Whetstone v. State, 786 S.W.2d 361, 364 (Tex. Crim. App.
1990). The indictment states that "James Milligan, on or about the 12th day of January, A.D.
1999 . . . did then and there intentionally and knowingly fail to register . . . ." A plain reading
of the indictment reflects that as of January 12, 1999, appellant had completed commission of the
offense of failure to register, which necessarily includes both a change of address and a failure
to report the new address within seven days. The evidence adduced at trial established that
appellant was evicted from his Tahoe Drive address on or before December 31, 1998. Officer
Scott testified that on January 11, 1999, neighbors at the Tahoe Drive address informed him that
appellant had been gone for two weeks. Based on the evidence, a rational trier of fact could have
found beyond a reasonable doubt that appellant failed to report his change of address as of January
12, 1999 and that he had changed his address more than seven days before that date. Viewing all
the evidence in the light most favorable to the verdict, we hold that the evidence is legally
sufficient to support the trial court's finding of guilt. We overrule appellant's first point of error.


CONCLUSION Having overruled all of appellant's points of error, we affirm the trial court's
judgment. 



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Smith and Yeakel

Affirmed

Filed: April 20, 2000

Do Not Publish
1. 
 § 
 - § 
 
2. 
 
 ' 
- 
3. 
 
 § 
 
 
 
 



ent was rejected because his conviction occurred after the effective
date of the 1995 amendments. In addition, the amendments in Perez affected the nature of Perez's
duty. The amendments here in no way affected appellant's duty. Finally, Perez predates the
court of criminal appeals' decision in Mason. For all of the foregoing reasons, we find Perez
inapposite. We overrule appellant's second and third points of error.


Sufficiency of Evidence 

 In his first point of error, appellant argues that there is legally insufficient evidence
to support his conviction for violation of article 62.04 as it is alleged in the indictment. In
determining the legal sufficiency of the evidence to support a criminal conviction, we view all of
the evidence in the light most favorable to the verdict and ask whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App.
1994). 

 Articles 62.04 and 62.10 make it an offense for a convicted sex offender to move
and fail to register his new address within seven days. See Tex. Code Crim. Proc. Ann. arts.
62.04(a), .10(a). Appellant contends that because January 12, 1999 is the only date alleged in the
indictment, this date must refer to the date appellant changed his address. Based on this reading,
appellant argues that the State was required to prove that appellant failed to register within seven
days after January 12, 1999. Because undisputed evidence establishes that appellant was placed
in custody on January 13, 1999, appellant argues that the State adduced no evidence that appellant
intentionally and knowingly failed to register after January 12, 1999. We disagree with
appellant's reading of the indictment.

 We construe an indictment by reading the document as a whole and taking into
account practical considerations. See Whetstone v. State, 786 S.W.2d 361, 364 (Tex. Crim. App.
1990). The indictment states that "James Milligan, on or about the 12th day of January, A.D.
1999 . . . did then and there intentionally and knowingly fail to register . . . ." A plain reading
of the indictment reflects that as of January 12, 1999, appellant had completed commission of the
offense of failure to register, which necessarily includes both a change of address and a failure
to report the new address within seven days. The evidence adduced at trial established that
appellant was evicted from his Tahoe Drive address on or before December 31, 1998. Officer
Scott testified that on January 11, 1999, neighbors at the Tahoe Drive address informed him that
appellant had been gone for two weeks. Based on the evidence, a rational trier of fact could h