NUMBER 13-03-199-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
__________________________________________________________________

ROEL CERDA,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
__________________________________________________________________

On appeal from the 275th District Court 
of Hidalgo County, Texas.
___________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Garza
Opinion Per Curiam


         Appellant, Roel Cerda, appeals from the denial of his application for suspension
of execution of sentence. We dismiss.
         Pursuant to a plea bargain, appellant pleaded guilty to the second degree felony
offense of intoxication manslaughter. The trial court entered judgment on August 23,
2002, in accordance with the plea bargain, sentencing Cerda to ten years
imprisonment in the Institutional Division of the Texas Department of Criminal Justice. 
On August 27, 2003, appellant applied for suspension of execution of sentence and
requested probation under article 42.12, section 6 of the code of criminal procedure. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (Vernon Supp. 2003). On February
6, 2003, the trial court denied appellant’s application and ordered that “further
execution of Defendant’s sentence not be suspended and that Defendant continue to
serve out his sentence.” 
         On February 24, 2003, appellant’s trial counsel filed a request for appointment
of appellate counsel, and on February 26, 2003, appellant’s trial counsel filed a notice
of appeal regarding the court’s February 6, 2003 order. The trial court’s certification
of appellant’s right to appeal shows that the trial court granted permission to appeal. 
See Tex. R. App. P. 25.2. 
         There is no constitutional right to appellate review of criminal convictions. Perez
v. State, 938 S.W.2d 761, 762 (Tex. App.–Austin 1997, pet. ref’d). The right to
appeal is conferred by the Legislature, and a party may appeal only that which the
Legislature has authorized. Id. The Legislature has not provided for appeal from an
order denying suspension of further execution of sentence and placement of the
defendant on community supervision pursuant to article 42.12, section 6. Houlihan
v. State, 579 S.W.2d 213, 216 (Tex. Crim. App. 1979); see Perez, 938 S.W.2d at
762. Therefore, we do not have jurisdiction over an appeal from the trial court’s order
denying suspension of further execution of sentence. See Houlihan, 579 S.W.2d at
216. 
         In a criminal case, the notice of appeal must be filed within thirty days after the 
day sentence is imposed or suspended in open court or after the day the trial court
enters an appealable order, unless a timely motion for new trial is filed. Tex. R. App.
P. 26.2(a). A notice of appeal which complies with the requirements of rule 26 is
essential to vest the court of appeals with jurisdiction. See Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, the
court of appeals does not obtain jurisdiction to consider the merits of the appeal. 
State v. Riewe, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000). In the instant case, the
record does not indicate that appellant filed a motion for new trial, and the notice of
appeal was filed more than six months after the date of judgment. Under such
circumstances, this Court can take no action other than to dismiss the appeal. See id.
         Accordingly, this appeal is dismissed for want of jurisdiction. 
                                                               PER CURIAM
Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this
the 24th day of June, 2004.