NO. 07-07-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 24, 2008

______________________________


RODDY DEAN PIPPIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3880; HONORABLE JUANITA PAVLICK, JUDGE




_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
OPINION
          On December 30, 2004, pursuant to a plea agreement in Cause No. 3880 (the
cause now on appeal), Appellant, Roddy Dean Pippin, was convicted of theft, a state jail
felony. Punishment was assessed at two years confinement in a state jail facility, with the
commencement of sentence to begin when the sentence in Cause No. 3879 ceased to
operate.


 Appellant has discharged the sentence imposed in Cause No. 3879 and the
sentence imposed in this cause began on August 6, 2006. Within the period specified by
the Texas Code of Criminal Procedure,


 Appellant filed a motion requesting the trial court
to suspend further execution of sentence by placing him on “shock probation.” On
November 8, 2007, the trial court signed an order granting Appellant’s motion and
suspending further imposition of sentence in Cause No. 3880. Without challenging his
conviction, Appellant presents two points of error contending the trial court erred by (1)
denying shock probation in the other cases that he was required to serve consecutive to
the sentence in Cause No. 3880,


 and (2) imposing upon him special condition 14 of the
conditions of community supervision which requires that upon completion of community
supervision in this cause, he report to the sheriff to begin serving the next sentence he was
required to serve. We dismiss for want of jurisdiction.
Background Facts
          Appellant testified at the hearing on his application for shock probation that he has
had diabetes since age six.


 Before his incarceration he was able to control his condition
by eating appropriate foods, regularly checking his blood sugar, and exercising. While
Appellant was serving his sentence in Cause No. 3879, the medical director of the state
jail facility where Appellant was being incarcerated, Dr. Jeff Duncan, determined that the
facility could not adequately monitor Appellant’s medical condition. Dr. Duncan had
Appellant transferred from the state jail facility to the Jester III Unit of the Institutional
Division where he could receive treatment twenty-four hours a day. The Jester III Unit
houses all levels of serious offenders and is not restricted to state jail felony offenders. 
          Appellant, as well as some of his fellow inmates, testified that during his
incarceration his medical passes were not always honored by guards and at times there
were delays in getting Appellant medical attention during some of his seizures. Appellant
sought relief by applying for shock probation.
          At the conclusion of the testimony, defense counsel requested that Appellant be
granted shock probation on all remaining consecutive sentences. Defense counsel argued
that Appellant had been in custody in a state jail facility for the required minimum of
seventy-five days. The State, on the other hand, asserted that article 42.12, § 15(f)(2)
allowed the trial court to suspend further execution of the sentence in Cause No. 3880, but
that the trial court had no jurisdiction over the remaining sentences because those
sentences had not yet begun. 
Discussion
            By two points of error, Appellant challenges the trial court’s refusal to allow his
shock probation to apply to his remaining sentences and also complains of condition 14
of the trial court’s order granting shock probation which recites:
[a]t the conclusion of the 2 years probation, Defendant shall report to the
Hardeman County Sheriff’s Department, Quanah, Texas, to begin serving
the sentence in Cause No. 3882. After 75 days have been served in that
sentence the Defendant may file an application for shock probation with the
Court.
 
          Initially, we note that article 42.12, § 15(f)(2) requires a defendant to be in custody
for a minimum of seventy-five days before the trial court may suspend further execution
of a sentence and grant shock probation. In those situations where the trial court has
imposed cumulative sentences, the court lacks jurisdiction to consider shock probation for
the subsequent sentence until the sentence in the first case ceases to operate. State ex
rel. Thomas v. Banner, 724 S.W.2d 81 (Tex.Crim.App. 1987). If the trial court would have
granted shock probation in the remaining cases before jurisdiction to do so attached, the
order purporting to do so would be void. Id. at 85.
          Notwithstanding the foregoing argument, the State argues that this Court has no
jurisdiction to entertain Appellant’s appeal. Relying on Perez v. State, 938 S.W.2d 761
(Tex.App.–Austin 1997, pet. ref’d), the State contends there is no authority for this Court
to review an order granting shock probation. We agree.
          In Perez, the Austin Court of Appeals considered the defendant’s right to appeal
from an order granting shock probation as a question of first impression. Id. at 762. Perez
pled guilty to attempted aggravated sexual assault of a child and was sentenced to ten
years confinement. Within the time allowed by article 42.12, § 6(a), the trial court granted
Perez shock probation. He appealed complaining of one of the conditions of community
supervision which required him to report to law enforcement to complete all paperwork for
sex offender registration within seven days. The State alleged the court of appeals did not
have jurisdiction.
          Initially, the court of appeals acknowledged there is no constitutional right to appeal
a criminal conviction. See Perez, 938 S.W.2d at 762 (citing Phynes v. State, 828 S.W.2d
1, 2 (Tex.Crim.App. 1992)). It also recognized that the right to appeal is conferred by the
Legislature, and a party may appeal only that which the Legislature has authorized. See
Perez, 938 S.W.2d at 762 (citing Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App.
1993)). See also Rushing v. State, 85 S.W.3d 283, 285 (Tex.Crim.App. 2002). Finding
the Court of Criminal Appeals’s decisions in Basaldua v. State, 558 S.W.2d 2, 5
(Tex.Crim.App. 1977), and Houlihan v. State, 579 S.W.2d 213 (Tex.Crim.App. 1979), to
be instructive, the court concluded it did not have jurisdiction over an appeal from an order
granting shock probation. Id. at 763.
          In Basaldua, the Court of Criminal Appeals held that there is no constitutional or
statutory authority permitting a direct appeal from an order modifying or refusing to modify
conditions of probation. In Houlihan, the defendant appealed the trial court’s order
overruling his motion to place him on shock probation. As in Basaldua, the Court held
there was no constitutional or statutory authority which would confer jurisdiction upon an
appellate court to consider an appeal from an order pursuant to article 42.12, § 6 [shock
probation statute in non-state jail felonies]. Houlihan, 579 S.W.2d at 216. Based on the
reasoning in Basaldua and Houlihan, the Austin Court of Appeals held “[j]ust as there is
no authority for an appeal from an order refusing shock probation, neither is there authority
for an appeal from an order granting shock probation.” Perez, 938 S.W.2d at 762.
(Emphasis in original). 
          Appellant’s appeal presents a novel question in that he is effectively contesting a
condition of the trial court’s order granting of shock probation in the case on appeal, while
simultaneously appealing the trial court’s denial of shock probation in multiple cases that
are not on appeal. Under the rationales of Basaldua, Houlihan, and Perez, we conclude
this Court has no jurisdiction to entertain Appellant’s two points of error.


 
          Consequently, this appeal is dismissed for want of jurisdiction.
                                                                           Patrick A. Pirtle

                                                                                 Justice





Publish.