

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00144-CR
_____

CURTIS ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CR-21165-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Curtis Roberts' hopes to obtain DNA testing were dashed even before Roberts asked for the testing. On May 7, 2010, Roberts filed in the 217th Judicial District Court in Angelina County[1] a document titled "Request for Appointment of Legal Counsel Pursuant to Article 64 Code of Criminal Procedure." In that motion, Roberts claimed indigence and asked the court to appoint an attorney to assist Roberts in seeking an order for DNA testing. To be clear, we note that the motion asked only for appointment of counsel because Roberts "wishes to submit a motion" for DNA testing. Roberts also attached a proposed order which, if granted, would have appointed counsel to assist Roberts in seeking DNA testing. The motion and documents submitted with it seek to meet none of the requirements of Chapter 64 of the Texas Code of Criminal Procedure to constitute a request for DNA testing.

The trial court did not use Roberts' proposed order, but signed an order dated June 25, 2010, denying DNA testing. As no request had been made for DNA testing, the trial court prematurely entered an order on a presumed request not yet presented to it.[2]

A district court is empowered to hear controversies and render decisions thereon, under the procedures authorized by statute or by rule. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN.

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] The record also shows there were no hearings and no response filed by the State; indeed, it shows that nothing whatsoever except the request for appointment of counsel occurred before this order was signed.

§ 24.007 (Vernon 2004). Although the trial court had jurisdiction over the proceeding,[3] the issue on which it ruled had not been placed before it. *See Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001).

A court's ruling on a matter not yet presented to the court is an advisory opinion. "Texas courts have no authority to render advisory opinions." *McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 232 (Tex. 2001); *Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.—Austin 1997, pet. ref'd). "This prohibition encompasses" the ripeness doctrine,[4] which "avoids premature adjudication on a hypothetical set of facts." *Cortez*, 66 S.W.3d at 232; *see Perez*, 938 S.W.2d at 764. "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998).

---

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a) (Vernon Supp. 2010).

[4]Ripeness is an element of subject-matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court. *See Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973). Subject-matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–46 (Tex. 1993). If the district court lacks jurisdiction, in any of these senses, then its decision would not bind the parties. *See Austin Indep. Sch. Dist.*, 495 S.W.2d at 881 (noting collateral attacks on judgments are allowed when court lacked jurisdiction). And, a decision that does not bind the parties is, by definition, an advisory opinion prohibited by Texas law. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). At this point, this is not a justiciable issue. It is nothing more than a possible future claim, one that courts may not decide. *See DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299 (Tex. 2008).

In ruling on a matter that had not yet been placed before it for decision, the trial court lacked subject-matter jurisdiction to enter the order.[5]  Therefore, we return the parties to the positions they occupied before the trial court's action.   We vacate the order of June 25, 2010, and dismiss the appeal.

Josh R. Morriss, III
Chief Justice

Date Submitted:        September 14, 2010
Date Decided:          September 15, 2010

Do Not Publish

---

[5]In an alternative analysis, this is clearly an action that is unauthorized by law, and under these circumstances, issuance of this order lies outside the scope of the authority of the court.  In analyzing the nature of the error as void or voidable, this ruling therefore fits within the definition of an "illegal" act, and is thus the type of error that renders the order void.  *See Seidel*, 39 S.W.3d at 224; *Hardy v. State*, 297 S.W.3d 785, 791 (Tex. App.—Texarkana 2009, pet. ref'd).   Although this analysis of the error differs from our main analysis, the result is the same.