In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00144-CR

                                                ______________________________

 

 

                                        CURTIS ROBERTS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                       Trial Court
No. CR-21165-A

 

                                                  
                                                

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Curtis
Roberts’ hopes to obtain DNA testing were dashed even before Roberts asked for
the testing.  On May 7, 2010, Roberts
filed in the 217th Judicial District Court in Angelina County[1]
a document titled “Request for Appointment of Legal Counsel Pursuant to Article
64 Code of Criminal Procedure.”  In that
motion, Roberts claimed indigence and asked the court to appoint an attorney to
assist Roberts in seeking an order for DNA testing.  To be clear, we note that the motion asked
only for appointment of counsel because Roberts “wishes to submit a motion” for
DNA testing.  Roberts also attached a
proposed order which, if granted, would have appointed counsel to assist
Roberts in seeking DNA testing.  The
motion and documents submitted with it seek to meet none of the requirements of
Chapter 64 of the Texas Code of Criminal Procedure to constitute a request for
DNA testing.

            The trial
court did not use Roberts’ proposed order, but signed an order dated June 25,
2010, denying DNA testing.  As no request
had been made for DNA testing, the trial court prematurely entered an order on
a presumed request not yet presented to it.[2]

            A district
court is empowered to hear controversies and render decisions thereon, under
the procedures authorized by statute or by rule.  See Tex. Const. art. V, § 8; Tex. Gov’t Code Ann. § 24.007 (Vernon 2004).  Although the trial court had jurisdiction
over the proceeding,[3]
the issue on which it ruled had not been placed before it.  See Ex
parte Seidel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001).

            A court’s
ruling on a matter not yet presented to the court is an advisory opinion.  “Texas courts have no authority to render
advisory opinions.”  McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 232 (Tex. 2001); Perez
v. State, 938 S.W.2d 761,
764 (Tex. App.—Austin 1997, pet. ref’d). 
“This prohibition encompasses” the ripeness doctrine,[4]
which “avoids premature adjudication on a hypothetical set of facts.”  Cortez,
66 S.W.3d at 232; see Perez, 938
S.W.2d at 764.  “A case is not ripe when
its resolution depends on contingent or hypothetical facts, or upon events that
have not yet come to pass.”  Patterson v. Planned Parenthood of Houston
& Se. Tex., Inc., 971 S.W.2d 439, 443 (Tex. 1998).

            In
ruling on a matter that had not yet been placed before it for decision, the
trial court lacked subject-matter jurisdiction to enter the order.[5]  Therefore, we return the parties to the
positions they occupied before the trial court’s action.  We vacate the order of June 25, 2010, and
dismiss the appeal.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          September
14, 2010

Date Decided:             September
15, 2010

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]The
record also shows there were no hearings and no response filed by the State;
indeed, it shows that nothing whatsoever except the request for appointment of
counsel occurred before this order was signed. 

 





[3]See Tex.
Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2010).

 





[4]Ripeness
is an element of subject-matter jurisdiction. 
Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998).  As a
general proposition, before a court may address the merits of any case, the
court must have jurisdiction over the party or the property subject to the
suit, jurisdiction over the subject matter, jurisdiction to enter the
particular judgment, and capacity to act as a court.  See
Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d 878, 881 (Tex.
1973).  Subject-matter jurisdiction
requires that the party bringing the suit have standing, that there be a live
controversy between the parties, and that the case be justiciable.  See Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–46 (Tex.
1993).  If the district court lacks
jurisdiction, in any of these senses, then its decision would not bind the
parties. 
See Austin Indep. Sch. Dist., 495 S.W.2d at 881 (noting collateral
attacks on judgments are allowed when court lacked jurisdiction).  And, a decision that does not bind the
parties is, by definition, an advisory opinion prohibited by Texas law.  State
Bar of Tex. v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994).  At this point, this is not a justiciable
issue.  It is nothing more than a
possible future claim, one that courts may not decide.  See
DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299 (Tex. 2008).





[5]In
an alternative analysis, this is clearly an action that is unauthorized by law,
and under these circumstances, issuance of this order lies outside the scope of
the authority of the court.  In analyzing
the nature of the error as void or voidable, this ruling therefore fits within
the definition of an “illegal” act, and is thus the type of error that renders
the order void.  See Seidel, 39 S.W.3d at 224; Hardy
v. State, 297 S.W.3d 785, 791 (Tex. App.—Texarkana 2009, pet. ref’d).  Although this analysis of the error differs
from our main analysis, the result is the same.