



# MEMORANDUM OPINION

No. 04-10-00558-CR

Ted H. **ROBERTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR6404B
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed: November 10, 2010

DISMISSED FOR LACK OF JURISDICTION

On June 4, 2007, Ted Roberts was convicted of three counts of theft and was sentenced to five years imprisonment, to run concurrently. We affirmed his conviction in *Roberts v. State*, 278 S.W.3d 778 (Tex. App.—San Antonio 2008, pet. ref'd). On July 22, 2010, Roberts filed a notice of appeal, stating that he desired to appeal from the trial court's June 21, 2010, order requiring him to pay the sum of $70,000.00 to a children's charity of his choice as a condition of probation.

On June 14, 2010, Roberts was placed on shock probation for a period of ten years. On June 21, 2010, the trial court signed an order altering and amending the terms and conditions of Roberts's shock probation. This June 21, 2010, order added the condition that Roberts make a donation of $70,000.00 to a children's charity of his choice.[1] Roberts's notice of appeal indicates that he desires to appeal from the trial court's June 21, 2010, order. However, a defendant cannot appeal the grant of shock probation. *See Perez v. State*, 938 S.W.2d 761, 762 (Tex. App.—Austin 1997, pet. ref'd). We, therefore, ordered Roberts to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response, Roberts argues that he is not appealing the grant of shock probation, but only the terms and conditions of the shock probation, specifically the requirement that he pay $70,000 to a children's charity of his choice. We, however, have no jurisdiction over such an appeal. In *Perez*, 938 S.W.2d at 762, the Austin Court of Appeals considered this same issue. The defendant in that case sought to appeal from an order granting shock probation, specifically complaining of the condition of community supervision requiring him to report to law enforcement to complete all paperwork for sex offender registration within seven days. *Id.* In considering whether it had jurisdiction over the appeal, the Austin Court of Appeals first noted that "[t]here is no constitutional right to appellate review of criminal convictions." *Id.* Instead, a defendant's "right to appeal is conferred by the legislature, and a [defendant] may appeal only that which the legislature has authorized." *Id.* The court then found two opinions by the Texas Court of Criminal Appeals to be instructive: *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977), which held there was no constitutional or statutory authority permitting a direct

---

[1] The docket sheet indicates that on June 14, 2010, the trial court held an evidentiary hearing on whether to grant the request for shock probation. According to the docket sheet, the trial court granted shock probation, but left the terms and conditions to be set for "next Monday," or June 21, 2010. The reporter's record from June 21, 2010, indicates that the trial court did set terms and conditions at that hearing. Thus, it appears that the June 21, 2010, order did not truly modify the terms and conditions of Roberts's shock probation.

appeal from an order modifying or refusing to modify probationary conditions; and *Houlihan v. State*, 579 S.W.2d 213, 215-16 (Tex. Crim. App. 1979), which held that there was no constitutional or statutory authority that conferred jurisdiction upon an appellate court to consider an appeal from an order denying a motion for shock probation. Based on the reasoning of *Basaldua* and *Houlihan*, the Austin Court of Appeals concluded that "[j]ust as there is no authority for an appeal from an order *refusing* shock probation, neither is there authority for an appeal from an order *granting* shock probation. *Perez*, 938 S.W.2d at 762 (emphasis in original); *see also Pippin v. State*, 271 S.W.3d 861, 863-64 (Tex. App.—Amarillo 2008, no pet.) (following *Perez*). Accordingly, the court dismissed the appeal for lack of jurisdiction. *Perez*, 938 S.W.2d at 762-63.

We agree with *Perez*'s reasoning and likewise dismiss this appeal for lack of jurisdiction.


PER CURIAM

Do not publish