MEMORANDUM OPINION

 

No. 04-10-00558-CR

 

Ted H. ROBERTS,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 226th
Judicial District Court, Bexar County, Texas

Trial Court No. 2006CR6404B

Honorable Sid L.
Harle, Judge Presiding

 

PER CURIAM

 

Sitting:          Karen Angelini,
Justice

                     Sandee
Bryan Marion, Justice

                     Rebecca
Simmons, Justice

 

Delivered and
Filed:  November 10, 2010

 

DISMISSED FOR
LACK OF JURISDICTION

 

On June 4,
2007, Ted Roberts was convicted of three counts of theft and was sentenced to
five years imprisonment, to run concurrently. We affirmed his conviction in Roberts
v. State, 278 S.W.3d 778 (Tex. App.—San Antonio 2008, pet. ref’d). On July
22, 2010, Roberts filed a notice of appeal, stating that he desired to appeal
from the trial court’s June 21, 2010, order requiring him to pay the sum of
$70,000.00 to a children’s charity of his choice as a condition of probation. 

On June 14,
2010, Roberts was placed on shock probation for a period of ten years. On June
21, 2010, the trial court signed an order altering and amending the terms and
conditions of Roberts’s shock probation. This June 21, 2010, order added the
condition that Roberts make a donation of $70,000.00 to a children’s charity of
his choice.[1]
Roberts’s notice of appeal indicates that he desires to appeal from the trial
court’s June 21, 2010, order. However, a defendant cannot appeal the grant of
shock probation. See Perez v. State, 938 S.W.2d 761, 762 (Tex.
App.—Austin 1997, pet. ref’d). We, therefore, ordered Roberts to show cause why
this appeal should not be dismissed for lack of jurisdiction. 

In response,
Roberts argues that he is not appealing the grant of shock probation, but only
the terms and conditions of the shock probation, specifically the requirement
that he pay $70,000 to a children’s charity of his choice. We, however, have no
jurisdiction over such an appeal. In Perez, 938 S.W.2d at 762, the
Austin Court of Appeals considered this same issue. The defendant in that case
sought to appeal from an order granting shock probation, specifically
complaining of the condition of community supervision requiring him to report
to law enforcement to complete all paperwork for sex offender registration
within seven days. Id. In considering whether it had jurisdiction over
the appeal, the Austin Court of Appeals first noted that “[t]here is no
constitutional right to appellate review of criminal convictions.” Id.
Instead, a defendant’s “right to appeal is conferred by the legislature, and a
[defendant] may appeal only that which the legislature has authorized.” Id.
The court then found two opinions by the Texas Court of Criminal Appeals to be
instructive: Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977),
which held there was no constitutional or statutory authority permitting a
direct appeal from an order modifying or refusing to modify probationary
conditions; and Houlihan v. State, 579 S.W.2d 213, 215-16 (Tex. Crim.
App. 1979), which held that there was no constitutional or statutory authority
that conferred jurisdiction upon an appellate court to consider an appeal from
an order denying a motion for shock probation. Based on the reasoning of Basaldua
and Houlihan, the Austin Court of Appeals concluded that “[j]ust as
there is no authority for an appeal from an order refusing shock
probation, neither is there authority for an appeal from an order granting
shock probation. Perez, 938 S.W.2d at 762 (emphasis in original); see
also Pippin v. State, 271 S.W.3d 861, 863-64 (Tex. App.—Amarillo 2008, no
pet.) (following Perez). Accordingly, the court dismissed the appeal for
lack of jurisdiction. Perez, 938 S.W.2d at 762-63.

We agree with
Perez’s reasoning and likewise dismiss this appeal for lack of
jurisdiction.

 

 

PER CURIAM

 

Do not publish

 









[1]
The docket sheet indicates that on June 14, 2010, the trial court held an
evidentiary hearing on whether to grant the request for shock probation.
According to the docket sheet, the trial court granted shock probation, but
left the terms and conditions to be set for “next Monday,” or June 21, 2010. The
reporter’s record from June 21, 2010, indicates that the trial court did set
terms and conditions at that hearing. Thus, it appears that the June 21, 2010,
order did not truly modify the terms and conditions of Roberts’s shock
probation.