**Opinion issued September 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00334-CR

————————————

**NAJMA PARKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 73,269**

---

## MEMORANDUM OPINION

Appellant, Najma Parker, pleaded guilty to the state-jail-felony offense of theft with two or more previous convictions without an agreed recommendation on punishment. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). After a presentence investigation, the trial court assessed appellant's punishment at

two years' confinement in state jail on March 20, 2015, with the sentence to begin on that date. *See id.* at § 12.35(a). The trial court certified appellant's right of appeal because this was not a plea-bargained case. *See* TEX. R. APP. P. 25.2(a)(2)(B). On April 10, 2015, appellant timely filed a notice of appeal from the judgment of conviction, challenging the sentence. *See id.* at 26.2(a)(1).

On August 14, 2015, appellee, the State of Texas, filed an unopposed motion to dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 10.3(a)(2). The State contends that this Court lacks jurisdiction because the trial court granted appellant's July 21, 2015 motion for shock probation, and signed a new judgment on July 29, 2015, suspending her two-year state jail sentence and placing her on community supervision for a period of five years. We agree and dismiss the appeal.

There is no constitutional right to appellate review of criminal convictions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *see also Perez v. State*, 938 S.W.2d 761, 762 (Tex. App.—Austin 1997, pet. ref'd). The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only those orders/judgments which the legislature has authorized. *See* TEX. CRIM. PROC. CODE ANN. § art. 44.02 (West Supp. 2014); *Marin v. State,* 851 S.W.2d 275, 278 (Tex. Crim. App. 1993); *see also Perez*, 938 S.W.2d at 762 (citations omitted).

There is no right of appeal from a trial court's order granting shock probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (West Supp. 2014) (shock probation statute in non-state jail felony cases); *Pippin v. State*, 271 S.W.3d 861, 863–64 (Tex. App.—Amarillo 2008, no pet.) (dismissing for want of jurisdiction appeal of order granting shock probation in state jail felony case); *Perez*, 938 S.W.2d at 762–63 (concluding that court of appeals lacked authority to review direct appeal from order placing appellant on shock probation in felony case); *see also Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (dismissing for want of jurisdiction appeal of order denying modification of conditions of shock probation in felony case). When a court grants community supervision under article 42.12, section 6 ("shock probation") of the Texas Code of Criminal Procedure for non-state jail felony sentences, the court imposes the sentence, the defendant actually serves a portion of the sentence, and the court, by granting "shock probation," suspends the further execution of the sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a); *Amado v. State*, 983 S.W.2d 330, 331–32 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see, e.g.*, *Harris v. State*, No. 01–04–01174–CR, 2006 WL 488677, at *2 (Tex. App.—Houston [1st Dist.] Mar. 2, 2006, no pet.) (mem. op., not designated for publication) (defining "shock probation" in non-state jail felony cases).

Similarly, "[o]n conviction of a state jail felony punished under Section 12.35(a), Penal Code," as here, "the judge may: (A) suspend the imposition of the sentence and place the defendant on community supervision . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(2)(A) (West Supp. 2014). "The court retains jurisdiction over the defendant for the period during which the defendant is confined in a state jail." *Id.* at § 15(f)(2). "At any time after the 75th day after the date the defendant is received into the custody of a state jail, the judge . . . on the motion of the defendant may suspend further execution of the sentence and place the defendant on community supervision under the conditions of this section." *Id.* "The minimum period of community supervision a judge may impose under this section is two years," while "[t]he maximum period of community supervision a judge may impose under this section is five years . . . ." *Id.* at § 15(b).

Here, the trial court retained jurisdiction over appellant while she was in state jail, and had the authority to grant her motion for shock probation on July 29, 2015, which was after the required seventy-five day period had elapsed following her receipt into state jail custody on March 20, 2015. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(f)(2). The trial court's July 29, 2015 judgment suspending appellant's two-year state jail sentence and placing her on community supervision for a period of five years was within the maximum range permitted. *See id.* at § 15(b). Thus, although this Court initially had jurisdiction over the appeal from the

4

March 20, 2015 judgment imposing state jail confinement, that judgment was rendered moot by the July 29, 2015 judgment granting shock probation, over which we lack jurisdiction. *See Basaldua*, 558 S.W.2d at 5; *Pippin*, 271 S.W.3d at 863–64; *see, e.g.*, *Cruz v. State*, Nos. 14–13–00745–CR, 14–13–00746–CR, 2013 WL 6926251, at *1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (granting appellant's motion to dismiss after trial court's grant of appellant's motion for new trial on punishment and imposition of community supervision rendered moot appeals of original prison sentences).

## CONCLUSION

Accordingly, we **grant** the State's motion and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).