**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00573-CV

———————————

**STEVE MCCRAW, Appellant**

**V.**

**RICARDO VALDEZ GOMEZ, JR., Appellee**

———

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 94CR1573**

———

## MEMORANDUM OPINION

Steve McCraw, Director of the Texas Department of Public Safety ("DPS"),

appeals the trial court's order granting Ricardo Valdez Gomez, Jr.'s petition for

writ of mandamus seeking to compel McCraw to delete Gomez from the state sex

offender registration list. In his first issue, McCraw contends that the original order directing that Gomez be removed from the sex offender registration list was void because Gomez failed to comply with statutory requirements and, thus, the trial court acted without statutory authority. In his second issue, McCraw argues that the trial court erred in issuing a writ of mandamus because he has no ministerial duty to comply with a void order. We affirm.

## Background

After he was indicted on a charge of indecency with a child in 1994, Gomez pleaded guilty and the trial court placed him on deferred adjudication community supervision for a period of five years.[1] As a condition of his community supervision, Gomez was required to register with the sex offender registration program.[2] He completed his community supervision and was discharged on June 15, 2000. Pursuant to Code of Criminal Procedure article 62.101, Gomez was required to continue registering as a sex offender for ten years from the date of his

---

[1] *See* TEX. PEN. CODE ANN. § 21.11(a)(1) (West 2009).

[2] *See* TEX. CRIM. PROC. CODE ANN. art. 62.051 (West Supp. 2014) (formerly VERNON'S ANN. CIV. ST. art. 6252-13c.1).

discharge from deferred adjudication, or June 15, 2010. *See* Tex. Crim. Proc. Code Ann. art. 62.101(c)(2) (West Supp. 2014).[3]

On January 7, 2009, Gomez filed a supplemental motion to early terminate his sex offender registration requirement.[4] *See* Tex. Crim. Proc. Code Ann. art. 62.404 (West 2006) (governing procedure for filing motion for early termination of sex offender registration). The trial court granted the motion. Notwithstanding the order, Gomez's name was not removed from the state's sex offender registration list.

On October 5, 2012, Gomez filed a petition for writ of mandamus requesting that the trial court compel McCraw to remove Gomez's name from the list. Following a hearing, the trial court granted Gomez's motion and, on June 5, 2013, it issued a writ of mandamus directing McCraw to delete Gomez's name. McCraw timely filed this appeal.

## Discussion

McCraw raises two issues on appeal. First, he contends that the original order directing that Gomez be removed from the sex offender registration list was

---

[3]     Former article 62.12(b) relating to the expiration of the duty to register was in effect at the time Gomez was discharged. It is currently codified as article 62.101. *See* Tex. Crim. Proc. Code Ann. art. 62.101 (West Supp. 2014).

[4]     In his supplemental motion, Gomez asserted that "[t]he charged offense was related to the Defendant's relationship with a fifteen year old girl when he was eighteen years old."

3

void because Gomez failed to comply with statutory requirements and, thus, the trial court acted without statutory authority. McCraw next argues that because the order was void, he had no ministerial duty to comply with it and, therefore, the trial court erred in issuing a writ of mandamus requiring him to do so.

## A. January 7, 2009 Order

McCraw contends that the trial court acted without statutory authority when it ordered him to remove Gomez's name from the state's sex offender registration list because Gomez failed to comply with the statutory requirements. Thus, he argues, the trial court's January 7, 2009 order was void and he was under no duty to comply.

### 1. Applicable Law

As relevant here, Chapter 62 of the Code of Criminal Procedure ("Sex Offender Registration Program") applies to a "reportable conviction or adjudication," which includes a deferred adjudication based on a violation of Penal Code section 21.11 (Indecency with a Child). *See* TEX. CRIM. PROC. CODE ANN. arts. 62.001(5)(A), 62.002 (West Supp. 2014 & West 2006). Under article 62.101, expiration of the duty to register as a sex offender is determined by the type of criminal conviction held by the individual. *Id.* art. 62.101 (West Supp. 2014). Pursuant to article 62.402, DPS determines the minimum required registration period for each reportable conviction or adjudication, and it compiles and

4

publishes a list of reportable convictions or adjudications for which a person must register under Chapter 62 for a period that exceeds the minimum required registration period under federal law. *See id.* art. 62.402(a), (b) (West Supp. 2014).

In 2005, the Texas Legislature added article 62.404 ("Motion for Early Termination"), which provides as follows:

> (a) A person required to register under this chapter who has requested and received an individual risk assessment under Article 62.403 may file with the trial court that sentenced the person for the reportable conviction or adjudication a motion for early termination of the person's obligation to register under this chapter.
>
> (b) A motion filed under this article must be accompanied by:
>
> (1) a written explanation of how the reportable conviction or adjudication giving rise to the movant's registration under this chapter qualifies as a reportable conviction or adjudication that appears on the list published under Article 62.402; and
>
> (2) a certified copy of a written report detailing the outcome of an individual risk assessment evaluation conducted under Article 62.403(b)(1).

*Id.* art. 62.404 (West 2006). Article 62.403 ("Individual Risk Assessment"), to which article 62.404 refers, provides in relevant part:

> (a) The [Council on Sex Offender Treatment] shall establish, develop, or adopt an individual risk assessment tool or a group of individual risk assessment tools that:
>
> (1) evaluates the criminal history of a person required to register under this chapter; and

5

(2) seeks to predict:

> (A) the likelihood that the person will engage in criminal activity that may result in the person receiving a second or subsequent reportable adjudication or conviction; and

> (B) the continuing danger, if any, that the person poses to the community.

(b) On the written request of a person with a single reportable adjudication or conviction that appears on the list published under Article 62.402(b), the council shall:

(1) evaluate the person using the individual risk assessment tool or group of individual risk assessment tools established, developed, or adopted under Subsection (a); and

(2) provide to the person a written report detailing the outcome of an evaluation conducted under Subdivision (1).

(c) An individual risk assessment provided to a person under this subchapter is confidential and is not subject to disclosure under Chapter 552, Government Code.

*Id.* art. 62.403 (West 2006).

### 2. Analysis

McCraw contends that the trial court lacked authority to grant Gomez's motion for early termination because Gomez failed to comply with article 62.404(b)(2)—that is, he failed provide a copy of a written report detailing the

6

outcome of an individual risk assessment evaluation using the assessment tools established by the Council.[5]

Gomez attached as Exhibit D to his supplemental motion for early termination a Static 99 Assessment[6] performed by an assessor with the Galveston County Community Supervision and Corrections Department. The assessment, which considers a number of risk factors and assigns points to each category, reflects a total score of "2" out of a possible 13 points and rates Gomez as the lowest level moderate risk offender.[7] McCraw argues that this assessment does not meet the statutory guidelines because (1) it is not an individual risk assessment tool

---

[5] McCraw also argues that there is nothing in the clerk's record showing that the prosecutor received notice of Gomez's motion to early terminate his sex offender registration requirement, or that a hearing was held as mandated by Code of Criminal Procedure article 62.407. *See* TEX. CRIM. PROC. CODE ANN. art. 62.407 (West 2006). However, the certificate of service in Gomez's supplemental motion (attached in the appendix of McCraw's brief) reflects that his attorney served the parties with notice of the supplemental motion on January 7, 2009. Further, the case summary that is part of the clerk's record shows that after Gomez filed his original motion, the trial court held two hearings before issuing its January 7, 2009 order granting the motion.

[6] The Static 99 is an actuarial test widely used to evaluate a sexual offender's risk of recidivism. *In re Bohannan*, 388 S.W.3d 296, 301 (Tex. 2012).

[7] In footnote 2 of his brief, McCraw notes that Gomez's file-stamped supplemental motion to early terminate his sex offender registration requirement does not appear in the clerk's record, and that the Galveston County District Clerk did not supplement the clerk's record despite his written request that it do so. McCraw included the supplemental motion and its attachments as part of the appendix to his brief.

7

approved by the Council for use in evaluation for de-registration and (2) the assessment was not performed by an approved provider.

In support of his argument, McCraw notes that the Council has created the necessary assessment tools, as mandated by article 62.403, as well as compiled a list of approved providers, and directs this Court to the Council's home page.[8] The rules on the Council's website related to the early termination of a person's obligation to register as a sex offender are codified in Title 22, Part 36, Chapter 810, Subchapter L of the Texas Administrative Code. A review of this subchapter, however, reveals that the provisions governing the procedures relating to de-registration, including the guidelines for conducting deregistration assessments, became effective on April 24, 2011—more than two years after the trial court issued its order granting Gomez's motion for early termination. *See* 22 TEX. ADMIN. CODE ANN. § 810.301. Thus, McCraw's argument that Gomez failed to comply with article 62.404(b)(2) because neither his assessment nor his evaluator comported with rules that were not in effect at the time the assessment was performed is without merit. Because McCraw has not shown that Gomez failed to comply with statutory requirements in seeking early termination of his duty to

---

[8]      *See* https://www.dshs.state.tx.us/csot/default.shtm.

register as a sex offender, the trial court's January 7, 2009 order is not void on this ground.[9] We overrule McCraw's first issue.

[9] In support of his argument that the district court's order is void, McCraw relies heavily on *Hardy v. State*, 297 S.W.3d 785 (Tex. App.—Texarkana 2009, pet. ref'd). In *Hardy*, the defendant pleaded guilty to a charge of indecency with a child and was placed on deferred adjudication community supervision for seven years and required to register as a sex offender. *See id.* at 786. Three years later, after suffering some degree of brain damage as a result of carbon monoxide poisoning, Hardy filed a motion asking that he be discharged from both his community supervision and his obligation to maintain registration as a sex offender. *See id.* The trial court granted Hardy's motions for early termination of probation and sex offender registration. *See id.* at 786–87. The State later filed a motion to reconsider in which it asked the trial court to rescind or set aside both of its earlier orders. *See id.* at 787. After a hearing, the trial court set aside its earlier rulings and reinstated Hardy's probation and registration requirement. *See id.*

On appeal, Hardy argued that the trial court erred in granting the State's motion to reconsider its previous orders. *See id.* In examining the effect of the original orders, the appeals court considered whether the trial court was authorized to issue the original order discharging Hardy from community supervision (the validity of which would be dispositive on the order addressing Hardy's registration requirements). *See id.* at 787–88. After noting that the trial court was specifically prohibited by statute from granting Hardy early discharge from community supervision, the court of appeals considered whether a violation of the statute in question "would be an order which was outside of the jurisdiction of the court or whether a violation would have been made without authority." *Id.* at 788. The court noted that the answer to that question would determine whether the original order was void (and therefore subject to collateral attack at any time) or voidable (and subject only to direct appeal). *See id.* at 789.

McCraw's reliance on *Hardy* is misplaced. The *Hardy* court noted that "the applicable statute clearly forbade the trial court from granting Hardy an early discharge from deferred adjudication." *Id.* at 790. Here, in contrast, we concluded that Gomez did not violate article 62.404(b)(2) and, therefore, the trial court's order was not void.

**B. June 5, 2013 Order**

In his second issue, McCraw contends that the trial court erred by issuing the writ of mandamus without the statutory authority to do so. Specifically, he argues that he had no ministerial duty to comply with the January 7, 2009 order because it was void, and that Gomez had an adequate remedy at law.

### 1. Applicable Law

An original proceeding for a writ of mandamus initiated in a trial court differs from an original proceeding for a writ of mandamus initiated in an appellate court. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991). When initiated in a trial court, a mandamus proceeding is a civil action subject to trial and appeal on substantive law issues and rules of procedure as any other civil action. *See id.*

Texas law authorizes a trial court to grant mandamus relief to compel a public official or body to either perform a ministerial duty or to correct a clear abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). To demonstrate entitlement to mandamus relief, typically a party must establish that (1) a public official or body failed to perform a ministerial duty or committed a clear abuse of discretion; and (2) there is no adequate remedy at law. *See Republican Party v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding). An act is ministerial, or nondiscretionary, where "the law clearly spells out the duty to

be performed with sufficient certainty that nothing is left to the exercise of discretion." *See Anderson*, 806 S.W.2d at 793. Where the public official or body has a legal duty to perform a nondiscretionary act, a demand for performance of that act has been made, and the official or body refused to perform, a party is entitled to mandamus relief against the official or body. *See id.*; *Sheppard v. Thomas*, 101 S.W.3d 577, 581 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

### *2. Analysis*

In his brief, McCraw contends that he had no ministerial duty to perform in this case because the trial court's January 7, 2009 order was void. Thus, he argues, the trial court erred in issuing a writ of mandamus. However, in light of our conclusion that the trial court's order was not void, we reject this contention.

McCraw further asserts that article 62.251 demonstrates that he was not under a ministerial duty to remove Gomez from the sex offender registry. Article 62.251, provides, in relevant part, as follows:

> (a) When a person is no longer required to register as a sex offender under this chapter, the department shall remove all information about the person from the sex offender registry.

> (b) The duty to remove information under Subsection (a) arises if:

> . . . .

> (2) the court having jurisdiction over the case for which registration is required requests removal and the department determines that the duty to register has expired . . . .

11

TEX. CRIM. PROC. CODE ANN. art. 62.251(a), (b) (West 2006). McCraw argues that because DPS never determined that Gomez's duty to register had expired, McCraw was under no duty to remove his name from the registry. This argument is unavailing. Section 62.251, entitled "Removing Registration Information When Duty to Register Expires," addresses the duty to remove information from the registry upon the *expiration* of a person's duty to register. This situation is distinguishable from one in which a trial court orders the early termination of a person's obligation to register under article 62.407. As such, we conclude that article 62.251 is inapplicable here.

McCraw also contends that the trial court erred in granting mandamus relief because Gomez had an adequate remedy at law. He argues that Gomez could apply to the Council for a risk assessment under article 62.403 and that "if Gomez's risk assessment is positive, he can then apply for deregistration [and i]f he complies with all the requirements for deregistration, the District Court could properly grant his motion . . . ."

Mandamus will not lie where a petitioner has another clear and effective remedy, adequate to obtain the relief to which he may be entitled. *See Cont'l Cas. Co. v. Rivera*, 124 S.W.3d 705, 713 (Tex. App.—Austin 2003, pet. denied). However, we do not believe that an adequate remedy is one that requires an individual to do that which he has already done. Here, Gomez completed his

12

deferred adjudication community supervision and was discharged on June 15, 2000. Gomez was then required to continue registering as a sex offender, which he did. On January 7, 2009, he filed a supplemental motion to early terminate his sex offender registration requirement, accompanied by a copy of his risk assessment evaluation, which the trial court granted. *Cf. Cont'l Cas. Co.*, 124 S.W.3d at 714 (concluding district court was without jurisdiction to grant mandamus relief where petitioner failed to avail itself of administrative remedy available under worker's compensation act providing for appeals panel review of hearing officers' decision). After McCraw failed to remove Gomez's name from the registry for more than three years after the trial court issued its order terminating Gomez's duty to register, despite numerous requests, Gomez filed his petition for writ of mandamus. We conclude that the trial court did not err in granting mandamus relief. Accordingly, we overrule McCraw's second issue.

## Conclusion

We affirm the trial court's order granting Gomez's petition for writ of mandamus.


Jim Sharp
Justice

Panel consists of Justices Higley, Bland, and Sharp.


13