# NO. 12-14-00163-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KATHIE MEADOWS SPEARS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Kathie Meadows Spears, appeals the trial court's judgment revoking her community supervision. She raises two issues on appeal. We affirm.

## BACKGROUND

After a bench trial, the trial court found Appellant guilty of state jail felony theft and assessed her punishment at confinement for two years in the Texas Department of Criminal Justice—State Jail Division. In a judgment dated April 2, 2007, the trial court suspended the imposition of Appellant's sentence and placed her on community supervision for five years under numerous conditions of supervision. This court affirmed her conviction on January 9, 2008, and issued its mandate on March 27, 2008. *See generally* **Spears v. State**, No. 12-07-00168-CR, 2008 WL 82471 (Tex. App.–Tyler Jan. 9, 2008, no pet.) (mem. op., not designated for publication).

On March 5, 2008, three weeks before the issuance of the mandate, the trial court rendered a second judgment of conviction. In the second judgment, Appellant's punishment was again assessed at confinement for two years, suspended for five years. The judgments imposed almost identical conditions of supervision. Both ordered the payment of $15,373.00 in restitution.

On April 25, 2011, the State filed its first application to revoke Appellant's community supervision. Appellant pleaded "true" to each violation alleged. However, the trial court did not revoke Appellant's community supervision, but on November 27, 2012, amended the conditions of supervision to extend the term for an additional five years.

On April 2, 2014, the State filed its second application to revoke Appellant's community supervision. At the hearing on the State's application, Appellant pleaded "true" to two of the alleged violations of her conditions of community supervision. On June 16, 2014, the trial court rendered its judgment revoking community supervision and imposing a sentence of confinement for two years in a state jail facility.

## JURISDICTION

In her first issue, Appellant contends that the trial court had no jurisdiction on March 5, 2008, to render its second judgment of conviction placing Appellant on community supervision, because the case was still on appeal from the first judgment. Therefore, she asserts that the judgment is void.

### Applicable Law

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001). "Once the record has been filed in the appellate court, all further proceedings in the trial court–except as provided otherwise or by these rules–will be suspended until the trial court receives the appellate-court mandate." TEX. R. APP. P. 25.2(g). The subject matter jurisdiction of the trial court over the case and over the defendant extends only to the time when the record is filed in the appellate court. *Moore v. State*, 225 S.W.3d 556, 568 (Tex. Crim. App. 2007). The trial court's jurisdiction is suspended until it receives a mandate from the appellate court. *Drew v. State*, 765 S.W.2d 533, 534-35 (Tex. App.—Austin 1989), *pet. dism'd, improvidently granted*, 805 S.W.2d 451 (Tex. Crim. App. 1991); *see also Gonzales v. State*, 353 S.W.3d 826, 829 (Tex. Crim. App. 2011).

"If the original judgment imposing [community supervision] was void, then the trial court would have no authority to revoke [community supervision], since, with no judgment imposing [community supervision] (because it is a nullity), there is nothing to revoke. *Nix v. State*, 65

2

S.W.3d 664, 668 (Tex. Crim. App. 2001). However, an original order placing the defendant on community supervision was held to remain in full force and effect despite a subsequent void order releasing him from supervision. *Hardy v. State*, 297 S.W.3d 785, 792 (Tex. App.— Texarkana 2009, pet. ref'd).

**Discussion**

This court did not issue its mandate affirming the trial court's April 2, 2007 judgment of conviction and placing Appellant on community supervision until March 27, 2008. The case remained on appeal until the issuance of the mandate. Therefore, it is clear from the authorities cited that the trial court lacked authority to render its almost identical judgment of March 5, 2008, and that judgment is void. After this court issued its mandate affirming the April 2, 2007 judgment, the original judgment remained in effect, unaffected by the void judgment subsequently rendered by the trial court while the appellate court retained jurisdiction. *See id.*

Both the original 2007 judgment and the void 2008 judgment contained the following identical conditions:

> If supervision of your case is transferred from Smith County, send completed, dated and signed mail-in reports to your Smith County Supervision Officer by the 15th of each month.[1]

> Obtain a GED within 1 year and provide proof to your supervision officer for which you will receive 50 hours credit for Community Service Restitution.[2]

At the revocation hearing on June 13, 2014, and based on her plea of "true," the trial court found Appellant had violated these two supervisory conditions and revoked her community supervision. The supervisory conditions were present in the valid judgment and fully operative. Proof of their violation by Appellant properly served as the basis for the trial court's revocation of her community supervision on June 13, 2014. Appellant's first issue is overruled.

### COURT APPOINTED ATTORNEY'S FEES

In her second and third issues, Appellant complains that the trial court erred in assessing court appointed attorney's fees although the trial court had found her to be indigent.

---

[1] Condition 32 in the original judgment and condition 33 in the 2008 judgment.

[2] Condition 59 in the original judgment and condition 60 in the 2008 judgment.

**Applicable Law**

A trial court has the authority to assess attorney's fees against a criminal defendant who received court appointed counsel if the court determines that the defendant has financial resources that enable her to offset in part or in whole the cost of legal services provided. TEX. CODE CRIM. PROC. ANN. 26.05(g) (West Supp. 2014). Once a criminal defendant has been determined to be indigent, she "is presumed to remain indigent for the remainder of the proceedings unless a material change in her financial circumstances occurs." *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.). Before attorney's fees may be imposed, the trial court must make a determination supported by a factual basis in the record that the defendant has financial resources enabling her to pay in whole or in part for legal services provided. *Id.*

**Discussion**

In its judgment, the trial court did not assess a court appointed attorney fee. The State agrees that it would have been improper to do so. Appellant had been represented by court appointed counsel since the appeal of her April 2, 2007 conviction. The record shows no subsequent change in her financial circumstances.

Although the trial court did not mention court appointed attorney's fees in its judgment, the bill of costs reflects a court appointed attorney fee of $300.00, of which $200.00 remains unpaid. The bill of costs shows all other fees and costs to have been paid. No fine was assessed.

Included among the costs paid is a fee entitled "REFUND." There is no statutory authority for the levy of a "refund" fee as court costs. We cannot tell from the record where money used to pay $100.00 in court appointed attorney's fees and the $350.00 "refund" fee should have been applied.

The bill of costs reflects that no costs, fees, or fines remain to be paid except the $200.00 unpaid portion of the assessed attorney fee. Because the attorney fee was improperly assessed, the judgment should be modified to disallow any withdrawal of funds from Appellant's inmate trust account for costs, fees, or fines. We sustain Appellant's second and third issues

**DISPOSITION**

Having sustained Appellant's second and third issues, we *modify* the judgment to delete any reference to court costs, fees, or fines wherever they appear in "Attachment A, Order to

4

Withdraw Funds," incorporated in the trial court's judgment. As ***modified***, we ***affirm*** the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered August 12, 2015.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 12, 2015**

**NO. 12-14-00163-CR**

**KATHIE MEADOWS SPEARS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1236-05)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to remove any reference to court costs, fees, or fines wherever they appear in "Attachment A, Order to Withdraw Funds," incorporated in the trial court's judgment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*