PD-0597-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/18/2015 12:00:00 AM
Accepted 5/19/2015 3:41:27 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-_____-15

# *Bernard Winfield Shortt, Appellant*
# *v.*
# *State of Texas, Appellee.*

**On Discretionary Review from
No. 05-13-01639-CR
Fifth Court of Appeals**

**On Appeal from No. F07-00193
194th Judicial District Court
Dallas County**

# Motion to Extend Time to File Petition for Discretionary Review

**Michael Mowla
445 E. FM 1382 No. 3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

May 19, 2015

ABEL ACOSTA, CLERK

**To the Honorable Judges of the Court of Criminal Appeals:**

Appellant Bernard Winfield Shortt moves for an extension of time of **30 days** to file a petition for discretionary review:

1.      On May 12, 2015, in *Shortt v. State*, 05-13-01639-CR (Tex. App. Dallas, May 12, 2015), the Court of Appeals dismissed Appellant's appeal, claiming lack of jurisdiction.  *See* attached.

2.      The petition for discretionary review is due on **June 11, 2015**.

3.      For good cause, Appellant asks for an extension of 30 days until **July 11, 2015** to file the petition for discretionary review.

4.      No previous extension to file the petition for discretionary review has been filed.

5.      Appellant relies on the following facts as good cause for the requested extension: undersigned counsel Michael Mowla just completed a brief in a large federal tax fraud case in *USA v. Perez*, 15-10026, which was filed in the Fifth Circuit on May 15, 2015.

6.      Further, Mowla has the following briefs, petitions for discretionary review, or other pleadings due soon:

- Motion and Brief under 28 U.S.C. § 2255 in *USA v. Boutte*, 4-12-CR-00249, to be filed in the Eastern District of Texas.

- Appellant's Brief due in *USA v. Wafer*, 15-10089, Fifth Circuit, due May 27, 2015.

- Petition for Rehearing En Banc in *USA v. Trevino*, 13-50849, Fifth Circuit, due June 4, 2015, 2015.

- Reply Brief in a proceeding 28 U.S.C. § 2254 in *Esparza v. Director*, 4-14-CV-00694, Eastern District of Texas, due June 19, 2015.

- Two applications for writs of habeas corpus under Article 11.072 and 11.09 expected to be filed in the next few weeks in Denton and Tarrant Counties.

7.     In addition, Mowla was recently appointed in a death penalty case under Article 11.071 in *Ex parte Kenneth Thomas*, F86-85539.

8.     Mowla also continues to work on a federal habeas corpus death penalty case, *Jones v. Stephens*, 4:05-CV-638, Northern District of Texas.

9.     Finally, Mowla also continues to work on several habeas cases involving the underlying issue in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

10.     This Motion is not filed for purposes of delay, but so that justice may be served.

## Prayer

Appellant prays that this Court grant this motion for an extension of time to file a petition for discretionary review.

Respectfully submitted,

Michael Mowla
445 E. FM 1382 No. 3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

/s/ **Michael Mowla**
By: Michael Mowla

## Certificate of Service

I certify that on May 16, 2015, a true and correct copy of this document was served by email on the District Attorney's Office, Dallas County, Appellate Division to Lori Ordiway at lori.ordiway@dallascounty.org, Lisa Smith at lisa.smith@dallascounty.org, and on Marissa Elmore at Marisa.Elmore@dallascounty.org; and by email on the State Prosecuting Attorney to Lisa McMinn at Lisa.McMinn@spa.texas.gov, and John Messinger at john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and 68.11 (2015).

/s/ **Michael Mowla**
By: Michael Mowla



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01639-CR

### BERNARD WINFIELD SHORTT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F07-00193-M

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Appellant Bernard Winfield Shortt appeals from an order granting him shock probation which imposed restitution as a condition of probation. Appellant contends the order violates his Fifth Amendment right against double jeopardy and requests that this court delete the restitution order. The State did not agree there was a constitutional infirmity, but agreed for statutory reasons that the trial court erred by ordering appellant to pay restitution and requested that this Court modify the order to delete the condition requiring restitution. After a review of the issue before us, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

In January 2007, appellant was indicted for burglary of a habitation. On October 12, 2007, appellant signed a judicial confession and a plea agreement which recommended that he

receive seven years' deferred community supervision as his sentence. Appellant waived trial by jury and entered a guilty plea. The court accepted appellant's plea but did not make a finding of guilt and passed the case to a later date. On December 7, 2007, the court held a hearing and placed appellant on seven years' deferred adjudication and ordered payment of $9,085 in restitution. The conditions for appellant's community supervision required, among others things, that he make monthly payments toward his restitution, complete 800 hours of community service, and report to a supervision officer.

On May 17, 2013, the State filed a motion to revoke probation or proceed with an adjudication of guilt after appellant violated numerous conditions of his probation including failure to pay restitution. At the subsequent revocation hearing, appellant entered a plea of "true" to the State's allegations. Appellant also signed a plea agreement in which he admitted to violating the conditions of his community supervision including the failure to pay restitution. The trial court concluded that appellant had violated the terms of his probation and entered a Judgment Adjudicating Guilt. This judgment sentenced appellant to ten years' confinement. The trial court did not orally pronounce a fine or restitution, and the section in the judgment referring to restitution reads: "Restitution: $N/A."

Appellant began his incarceration on May 31, 2013 and remained incarcerated until October 25, 2013 when he returned to court for a shock probation hearing. At the hearing, the trial court asked appellant if he owed restitution and appellant's counsel objected. Counsel argued that because the trial court did not pronounce restitution during sentencing at the revocation hearing, the trial court could not include it among the conditions of appellant's shock probation. At the conclusion of the hearing, the court granted the request for shock probation, suspended the ten-year sentence of imprisonment, placed appellant on five years' community supervision and ordered, over counsel's objection, appellant to pay restitution. The trial court

–2–

required payment of restitution as a condition of community supervision. Condition (q) of appellant's conditions of community supervision addressed the issue of restitution:

> Make restitution in the amount of $6,178.00 for the loss sustained by the injured party. Payments are to be paid through the community supervision officer of this court at the rate of $110.00 per month. First payment is due on or before 11/30/2013 and a like payment is due on or before the first day of each month thereafter until paid in full[.]

Appellant then filed a notice of appeal regarding the restitution provision in the order.

## ANALYSIS

In his sole point of error, appellant asserts that the trial court erred and violated his Fifth Amendment right against double jeopardy by including restitution as a condition of his shock probation. The State did not concede that a violation of appellant's Fifth Amendment rights had occurred, but did concede that the court lacked statutory authority to include the restitution in the order granting shock probation.[1] We do not reach these arguments because of the jurisdictional impediment in this case.

The trial court certified appellant could appeal this case and, as noted above, both appellant and the State filed briefs treating the case as appealable. But the parties cannot confer jurisdiction on this court even if they agreed to do so. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) ("subject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute"), *overruled on other*

---

[1] The trial court sentenced appellant to ten years' confinement in the order adjudicating guilt but did not mention restitution. The Texas Court of Criminal Appeals has twice concluded that restitution is punitive in nature. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)). The court has held that if restitution is ordered, judgments are required to state the amount of restitution. *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01(25)). The court of criminal appeals has further concluded that where neither the parties nor the trial court mention restitution during the sentencing hearing or as part of the oral pronouncement of sentence yet restitution appears in the written judgment, the defendant is entitled to have the order of restitution deleted from the judgment. *Burt v. State*, 445 S.W.3d 752, 757-58 (Tex. Crim. App. 2014) (citing numerous authorities). Here, we understand the State to argue that because the trial court did not include restitution as part of its pronouncement of its adjudication of guilt, no provision of article 42.12 authorized the court to impose restitution later as a term of probation in the trial court's shock probation order. The court of criminal appeals has not reached this issue.

*grounds by State v. Madrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002); *see also Zepeda v. State,* 993 S.W.2d 167 (Tex. App.—1999, pet. ref'd) (declining to construe appeal for denial of shock probation as a writ of habeas corpus because appellate court lacks original habeas corpus jurisdiction in criminal matters). As other Texas courts have previously held, we hold that there is no statutory authority which confers jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation pursuant to article 42.12 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2014); *Perez v. State,* 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd) (dismissing appeal for lack of jurisdiction because defendant cannot appeal an order granting shock probation); *Pippin v. State*, 271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.) (same); *see also Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979) (dismissing appeal of order denying motion for shock probation); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (dismissing appeal of order denying modification of conditions of shock probation); *see also Roberts v. State*, No. 04-10-00558-CR, 2010 WL 4523788 (Tex. App.—San Antonio Nov. 10, 2010, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal of shock probation); *Thursby v. State*, 05-94-01772-CR, 1997 WL 472310, at *3 (Tex. App.—Dallas Aug. 20, 1997, pet. ref'd) (mem. op., not designated for publication) (same). The statute currently permits appeals of an order revoking probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (defendant "may appeal the revocation"). Because appellant appeals from an order granting shock probation, we do not have jurisdiction to consider his appeal.

**CONCLUSION**

We dismiss this appeal for lack of jurisdiction.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131639F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BERNARD WINFIELD SHORTT,
Appellant

No. 05-13-01639-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F07-00193-M.
Opinion delivered by Justice Evans.
Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, the appeal is dismissed for want of jurisdiction.

Judgment entered this 12th day of May, 2015.