

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0597-15

**BERNARD WINFIELD SHORTT, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY, and KEEL, JJ., joined.

Historically, there was no right to appeal from a judgment imposing probation. Defendants had to wait until their probation was revoked, and then appeal from the order of revocation. Eventually, appeals from the imposition of probation were authorized, and that was accomplished by a provision in the adult probation statute that would later become part of Article 42.12, § 23(b). The question in this case is whether an appeal from an order imposing shock probation is authorized by § 23(b), and I would hold that it is not.

Section 23(b) of Article 42.12 provides, in part:

> The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision. When he is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in jail or the Texas Department of Criminal Justice, he may appeal the revocation.[1]

This section provides a right to appeal in two situations: (1) an appeal of "the conviction and punishment" at the time the defendant is placed on community supervision, and (2) an appeal of revocation proceedings. An appeal of shock probation obviously does not fall under situation (2) because it concerns probation that has not been revoked. The question is whether it falls under situation (1).

Situation (1) specifies the right to a review of the "conviction and punishment." The phrase "conviction and punishment" denotes a single event—when a judgment is entered convicting the defendant of a particular offense and imposing some sort of punishment (whether it is incarceration or probation). Shock probation may be a second instance of imposing "punishment," but § 23(b) does not say "conviction *or* punishment." In saying that a review of a defendant's "conviction *and* punishment" will occur at the time the defendant is placed on probation, the statute necessarily contemplates the defendant's probation being imposed at the time of the judgment of conviction, so that it is part of his conviction and punishment. In shock probation cases, however, a defendant's "conviction and punishment" occurs at the time of sentencing—not when he is later placed on shock probation. When a defendant is convicted and given a sentence of incarceration, he has the right to appeal his "conviction and punishment" at that time, so any purported appeal of shock probation

---

[1]  *Id.* § 23(b).

at a later point in time is not in fact such an appeal,[2] and therefore is not authorized by § 23(b).

The Court suggests, but declines to decide, that we could allow a defendant to appeal his shock probation but deny him the ability to raise any challenges to the original conviction in that appeal. But that conclusion seems contrary to the statutory language, which explicitly grants a defendant the right to appeal the "conviction and punishment" "at the time he is placed on community supervision." If "at the time he is placed on community supervision" includes the point at which he is placed on shock probation, then disallowing a challenge to the conviction in the appeal would require us to read the "conviction" language out of the statute. The Court should rethink its holding if accounting for the resulting anomalies causes it to disregard the actual language of the statute, as it does here.

As the Court acknowledges, shock probation is granted pursuant to an order on a motion, and it is not reflected in the judgment of a case. It is a simple fact that most orders in criminal cases are not appealable. And when the legislature intends to permit an appeal from an order, it tends to do so explicitly. Under Art. 64.05, for instance, appeal of the grant or denial of a motion for DNA testing under Chapter 64 is authorized by the following language:

> An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals.[3]

The fact that Art. 64.05 exists, and that its sole purpose is to authorize an appeal, is evidence that the legislature understands that an explicit grant of authority is necessary to authorize an appeal from

---

[2] We ordinarily do not allow a party to complain about an earlier proceeding in an appeal from a later proceeding. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

[3] TEX. CODE CRIM. PROC. art. 64.05.

an order.

There are at least two other instances in which appeal from an order is authorized. First, although a defendant has no right to appeal from the denial of a motion to suppress evidence, the State has a right to appeal from the grant of such a motion.[4] That right and the State's right to appeal other orders comes specifically from Art. 44.01, which supports the idea that appeal from an order must be specifically authorized.

Second, while we have on occasion referred to *nunc pro tunc* orders, and say that there is a right to appeal from the grant of one, the actual holding of this Court in that regard is that there is a right to appeal a *nunc pro tunc* judgment, not a *nunc pro tunc* order.[5] This is because when a *nunc pro tunc* motion is granted, the judgment is changed, "now for then." So the right to appeal in that kind of case does not amount to the right to appeal from an order.

Because the right to appeal orders in criminal cases is so rare, and when it exists it is specific to the particular kind of order, we should not read a right to appeal from "conviction and punishment" to encompass the right to appeal from an order granting shock probation.

While it might seem unfair to deny someone an appeal, the statutory scheme indicates that a person placed on shock probation would still have avenues for raising any legitimate claims. A constitutional challenge to a condition of probation can be raised in a habeas application under Article 11.072.[6] Although a non-constitutional challenge to a condition of probation could not be raised in a habeas application, given the wide latitude afforded to a trial court to impose "any

---

[4]  *Id.* art. 44.01(a)(5).

[5]  *Blanton v. State*, 369 S.W.3d 896 (Tex. Crim. App. 2012).

[6]  *See* Tex. Code Crim. Proc. art. 11.072, §§ 2(b)(2), 3(c).

reasonable condition" of supervision,[7] one would be hard-pressed to articulate a legitimate complaint that would not also be a constitutional ground for challenging a condition of probation, unless the particular condition was flatly prohibited by statute,[8] in which case one could obtain relief by way of mandamus.[9] And the legislature has contemplated that defendants often will not have the ability to complain about a condition of probation in a direct appeal because an order amending the conditions of probation is not appealable.[10]

When a decision raises as many red flags as today's does, we should not ignore the warnings. Sooner or later, the questions that the Court puts off answering will have to be addressed, and I suspect that the results will be less than satisfactory. Like most courts of appeals that have addressed this issue,[11] I would hold that the legislature has not conferred jurisdiction to appeal an order granting

---

[7] *See* TEX. CODE CRIM. PROC. art. 42.12, § 11(a).

[8] *See e.g. id.* § 11(f) ("A judge may not require a defendant to undergo an orchiectomy as a condition of community supervision.").

[9] *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (mandamus relief available when there is no adequate remedy at law and a clear right to the relief sought).

[10] *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) ("We find neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order . . . altering or modifying probationary conditions.").

[11] *See Pippin v. State*, 271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.) (finding no jurisdiction to entertain an appeal from an order granting shock probation); *Perez v. State*, 938 S.W.2d 761 (Tex. App.—Austin 1997, pet. ref'd) (same). *See also Walker v. State*, No. 05-16-00229-CR, 2017 WL 1090614, *3 (Tex. App.—Dallas March 23, 2017, no pet.) (not designated for publication) (same); *Parker v. State*, No. 01-15-00334-CR, 2015 WL 5297526, at *1 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (not designated for publication) (same); *Roberts v. State*, No. 04-10-00558-CR, 2010 WL 4523788, at *1 (Tex. App.—San Antonio 2010, pet. ref'd) (not designated for publication) (same). *But see Smith v. State*, 518 S.W.2d 641, 645 (Tex. App.—Waco 2017, pet. granted) (holding that a judgment rendered by a trial court after granting a motion for shock probation is appealable, though the decision to grant shock probation may not be appealable, and dismissing defendant's appeal from original judgment of conviction on the ground that it was mooted by judgment granting shock probation and because no notice of appeal was given from the judgment granting shock probation).

shock probation.  I respectfully dissent.

Filed: February 14, 2018
Publish